# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAWRENCE E. VINCENT,

        Petitioner,

v.

        Civil Action No. 1:11-CV-98

        Criminal Action No. 1:07-CR-33
        (Judge Keeley)

UNITED STATES OF AMERICA,

        Respondent.

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED

### I. INTRODUCTION

On June 20, 2011, the *pro se* petitioner, Lawrence E. Vincent ("Petitioner"), filed a Motion pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. On June 21, 2011, after conducting a preliminary review of the petition, this Court noted that the petition was grossly untimely, finding that Petitioner did not file his petition until two and a half years after the statute of limitations had expired. Therefore, pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), this Court warned Petitioner that his § 2255 petition would be recommended for dismissal unless he could demonstrate that he is entitled to have the statute of limitations equitably tolled and/or that his motion was timely filed. On July 8, 2011, Petitioner filed his response to the Braxton Notice, arguing that he was unaware his state and federal sentences would run concurrently. Following review of the Petitioner's motion and the

1

Petitioner's reply, the undersigned Magistrate Judge now issues this Report and Recommendation to the District Judge.

## II. <u>FACTS</u>

### A. Conviction and Sentence

On May 1, 2007, Petitioner was indicted on one count of conspiracy to distribute more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; three counts of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and one count of distribution of cocaine within 1,000 feet of a protected location in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860. At the time Petitioner was arrested for these offenses, he was on parole from an earlier state conviction, and accordingly, the federal authorities borrowed Petitioner from state custody on May 8, 2007 so that he could appear for his arraignment on federal charges. On July 5, 2007, Petitioner pled guilty, pursuant to a plea agreement, to Count two of the indictment charging him with distribution of cocaine base. The plea agreement included a waiver of Petitioner's right to file an appeal or a motion to vacate his sentence via collateral attack. Plea Agreement 4.

On December 4, 2007 the Court held a sentencing hearing. The sentencing court sentenced Petitioner to a term of 57 months of imprisonment, three years of supervised release, and a $100 special assessment fee, with no other fines or restitution due.

### B. Appeals

The petitioner did not file an appeal.

### C. Federal Habeas Corpus

In support of his Motion to Vacate under 28 U.S.C. § 2255, the petitioner argues that: his guilty plea was not knowingly and voluntarily entered; his due process rights have been violated

because he was denied time served in the West Virginia Department of Corrections toward his federal sentence; and his attorney was ineffective by giving him flawed advice during the entry of the plea and at the sentencing stage of the proceedings against him. On June 21, 2011, this Court raised, *sua sponte*, the issue of the timeliness of the petition and Petitioner filed his response on July 8, 2011, arguing that his petition should be construed as timely because the facts underlying this claim were unknown to him and could not have been foreseen by him during the statutory limitations period.

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's 28 U.S.C. § 2255 Motion be denied and dismissed from the docket because Petitioner's claim is without merit.

### III. ANALYSIS

**A.    Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

**B.     Petitioner's Claim was Filed Outside the One-Year Statute of Limitations Because Judgment in His Case Became Final on December 18, 2007, and Petitioner Could Have Discovered the Facts Underlying his Claim on that Date**

Prior to 1996, there was no time limitation on a federal prisoner's ability to collaterally attack his conviction in a §2255 motion. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001)(citing United States v. Torres, 211 F.3d 836, 838 (4th Cir. 2000)). This changed in 1996 with the enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").  The AEDPA amended 28 U.S.C. § 2255 to provide a one-year limitations period for the filing of §2255 motions. Id. 28 U.S.C. § 2255's statute of limitations states that a one-year period of limitation shall apply to a motion under this section, and the limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right had been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

The Court has the power to raise the issue of timeliness in habeas proceedings *sua sponte*. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).[1]

Although AEDPA does not define when a judgment of conviction becomes final, the Fourth Circuit has determined that a conviction is final on the date upon which Petitioner fails to pursue further direct appellate review. See id. at 142 (citing United States v. Torres, 211 F.3d 836, 838

---

[1] Pursuant to the holding in Hill v. Braxton, if the timeliness of a petition is raised *sua sponte* the Court must give *pro se* petitioners notice and an opportunity to respond. Hill, 277 F.3d at 706-08. In this case, the Court gave Petitioner such notice on June 21, 2011, and Petitioner responded July 8, 2011.

(4th Cir. 2000)). Petitioner's judgment order was entered on December 4, 2007. (Dkt. No. 144). Petitioner declined to pursue an appeal, therefore his conviction became "final" for the purposes of § 2255(f)(1) on December 18, 2007, fourteen days after the judgment of conviction. See Clay v. United States, 537 U.S. 522 (2003). However, Petitioner asserts that the limitations period in his case falls under §2255(f)(4) because it was not until October 28, 2010, when he was transferred to the custody of the Federal Bureau of Prisons that he first discovered that his federal sentence was to be served consecutively, and that due diligence would not have revealed this information earlier.

In determining whether § 2255(f)(4) should be applied, "[t]he relevant inquiry should focus on when the factual predicate of a claim could have been discovered, as opposed to the date on which Petitioner has in his possession evidence to support his claim." Facundo v. United States, No. 1:10cv78, 2010 WL 2245992, at *3 (W.D.N.C. June 2, 2010)(quoting Gonzales-Ramos v. United States, No. 05Civ.3974, 2007 WL 1288634, at *7 (S.D.N.Y. May 2, 2007)). Although §2255 does not define the term, "due diligence" "does at least require that a prisoner make reasonable efforts to discover the facts supporting his claims." Facundo, 2010 WL 2245992, at *3 (quoting Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008)). If prompt action would have revealed the factual basis for a claim, this Court should not apply § 2255(f)(4). Johnson v. United States, 544 U.S. 295, 311 (2005)(refusing to apply § 2255(f)(4) where "there is every reason to believe that prompt action would have produced [the facts on which the claim for relief is based] well over a year before [the petitioner] filed his §2255 petition.").

Here, Petitioner's Judgment Order states that "[t]he defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 57 Months." (Dkt. No. 144). The order does not contain language indicating that Judge Keeley intended the

sentence to be executed concurrent to any previously-imposed state sentence. Because the order does not state that Petitioner's sentence is to be served concurrent to his previously-imposed state sentence, his sentence is to be served consecutively. 18 U.S.C. § 3584(a) ("[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); see also United States v. Saunders, 162 F.3d 1158 (table), Nos. 96-4902, 96-4932, 1998 WL 539482, at *2, n.5 (4th Cir. Aug. 25, 1998) (unpublished table decision) ( stating that a federal sentence is consecutive to a previously-imposed state sentence if the federal sentence does not specify whether it is concurrent or consecutive). The language of the Judgment Order contradicts Petitioner's assertions about the nature of his sentence, and Petitioner could have discovered this fact on the date of sentencing by consulting with counsel or conducting his own independent legal research. Therefore, the undersigned recommends that the District Court find that the statute of limitations began to run on December 18, 2007, the date Petitioner's conviction became final, and further recommends that the District Court find Petitioner's § 2255 motion to have been filed outside of the one-year statute of limitations.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's §2255 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to Chief Judge Irene M. Keeley. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);

Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: November 16, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE